```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE   NO.   13-62147-CIV-ROSENBAUM
                        MAGISTRATE JUDGE P. A. WHITE
```

MAXIMO RAMOS ARANGO,           :

    Plaintiff,              :

v.                             :           REPORT OF
                                         MAGISTRATE JUDGE
BROWARD SHERIFF'S OFFICE,
et al.,

    Defendants.             :
_____

## I. Introduction

The pro-se plaintiff Maximo Ramos Arango filed a civil rights complaint pursuant to 42 U.S.C. §1983, naming the Broward Sheriff's Office and Deputy Reily. The plaintiff is proceeding in forma pauperis.

This Cause is before the Court upon the initial screening of the complaint (DE#1) pursuant to 28 U.S.C. §1915.

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

* * *

>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>    \*   \*   \*
>
>    (B) the action or appeal –
>
>    \*   \*   \*
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable

basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they

3

plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

B. Facts of the complaint

The plaintiff alleges that he is being denied grievance requests and he is not permitted to use the computer in retaliation for "snitching on them" concerning the cruel treatment caused by the odor in the showers, rusty mirrors and no cold water. He seeks two billion dollars and to give the money to singer "Miley Cyrus".

C. Sufficiency of the complaint
   a. The County

In the first instance the Broward County Sheriff's Office is not a proper defendant. The Broward Sheriff's Office is not an individual entity, but merely an arm of the county. Eddy v City of Miami, 715 F. Supp 1553 (SD Fla 1989). To demonstrate a claim against the County, the plaintiff must demonstrate that the County has a specific policy which resulted in the violation of the plaintiff's constitutional rights. Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993). The plaintiff makes no direct claim against the county, and he has failed to demonstrate a Monell violation. This claim is without merit.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

b. Retaliation

Under certain circumstances, retaliation may violate the inmate's First Amendment rights. Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986). In the "free world" context, an act taken in retaliation for exercise of a constitutionally protected right is actionable under §1983 even if the act, when taken for different reasons, would have been proper. Mount Healthy City School Dist. Bd. of Education v. Doyle, 429 U.S. 274, 283 (1977)).

Certain means of "retaliation" may be so de minimis as not to inhibit or punish an inmate's rights of free speech. Many verbal responses by officials of resentment or even ridicule would fall into this safe harbor of permitted response. Borrowing from Johnson v. Glick, 481 F.2d 1028, 1033 (2 Cir.), cert. denied sub nom. Employee-Officer John, # 1765 Badge Number v. Johnson, 414 U.S. 1033 (1977), Graham v. Connor, 490 U.S. 386, 396 (1989), notes that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" violates the Fourth Amendment. Similarly, not every unnecessary statement of a prison guard regarding an inmate's exercise of free speech violates the First Amendment. By developing a standard of de minimis actions, courts can screen out frivolous or non-meritorious claims of retaliation during the in forma pauperis complaint review under 28 U.S.C. § 1915. In other words, the plaintiff must demonstrate that he suffered more than a de minimis inconvenience. American Civil Liberties Union of Maryland v. Wicomico County, 999 F.2d 780, 786 (4 Cir. 1993); see also Bart v. Telford, 677 F.2d 622, 625 (7 Cir. 1982)("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech [is] always actionable. . . .").

In this case, the plaintiff claims he is being retaliated against for being a snitch concerning the conditions in the jail. The form of retaliation, that he is being denied grievance requests and computer privileges is minimal and not sufficient to state a claim for retaliation. Clearly, the plaintiff was permitted to file a civil rights complaint in this Court, and is not being denied his right to grieve his conditions. The use of a computer is a privilege and not a constitutional right.

The plaintiff further fails to state how Defendant Reiley is directly responsible for this alleged retaliation. It is therefore recommended that the claims against this defendant be dismissed.

  c. Conditions of confinement

If the plaintiff is attempting to allege his conditions of confinement violate his guaranteed constitutional rights, he fails to state a claim. The Constitution does not and the Court cannot dictate the general conditions that should exist in jails and prisons by substituting its views for those of legislators and jail administrators, the Constitution does require conditions of confinement imposed by states to meet certain minimum standards. Bell v. Wolfish, 441 U.S. 520, 562 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571 (11 Cir. 1985), cert. denied, 475 U.S. 1096 (1986). The Eighth Amendment applied through the Fourteenth Amendment prohibits the infliction of cruel and unusual punishment and thereby places limitations on the conditions in which the State may confine those convicted of crimes. Robinson v. California, 370 U.S. 660 (1962); Rhodes v. Chapman, 452 U.S. 337 (1981); Hamm v. DeKalb County, supra.

Various conditions, alone or together, may make intolerable an otherwise constitutional term of imprisonment, Rhodes v. Chapman, supra at 347; Ingraham v. Wright, 430 U.S. 651, 669 n.38 (1977); however, only unnecessary and wanton infliction of pain rises to the level of cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312 (1986). Moreover, only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under Section 1983. Rhodes v. Chapman, supra at 347; Estelle v. Gamble, 429 U.S. 97, 106 (1976); Byrd v. Clark, 783 F.2d 1002, 1006 (11 Cir. 1986); Hamm v. DeKalb County, supra at 1572; Williams v. Bennett, 689 F.2d 1370, 1380 (11 Cir. 1982). Negligence, alone, cannot be a basis for recovery under §1983. Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986); Estelle v. Gamble, supra.

The standard which applies to claims concerning conditions of confinement such as those raised in this case may be met if the state is deliberately indifferent to prisoners' basic necessities and fails to provide reasonably adequate food, clothing, shelter, and sanitation. Hamm v. DeKalb County, supra at 1572.

In this case, the fact that there is a strong odor in the showers, the mirrors are rusty or that he has not had cold water for an uncertain time period is not sufficient to state a constitutional claim.[2]

---

[2] In the instance the plaintiff is denied all water for a period of days he may have a constitutional claim.

III. Recommendation

It is therefore recommended that this complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

Objections to this Report may be filed within fourteen days following receipt.

Dated this 14th day of November, 2013.

_____

UNITED STATES MAGISTRATE JUDGE

cc: Maximo Ramos Arango, Pro Se
    Broward County Jail
    Address of Record