UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62147-CIV-ROSENBAUM/WHITE

MAXIMO RAMOS ARANGO,

    Plaintiff,

v.

BROWARD SHERIFF'S OFFICE, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court upon *pro se* Plaintiff's Complaint [ECF No. 1], filed pursuant to 42 U.S.C. § 1983, which was previously referred to the Honorable Patrick A. White for a Report and Recommendation on any dispositive matters. *See* ECF No. 3. On November 15, 2013, Judge White issued a Report and Recommendation recommending that this case be dismissed because Plaintiff has failed to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). *See* ECF No. 10. The Report and Recommendation advised Plaintiff that "[o]bjections to this Report may be filed within fourteen days following receipt." *Id.* at 8. To date, Plaintiff has filed no objections, nor has he sought additional time to file objections. The Court has, nonetheless, conducted a *de novo* review of Judge White's Report and Recommendation and the record and is otherwise fully advised in the premises.

### I. Discussion

In his Complaint, Plaintiff asserts that Defendants violated his civil rights by preventing him from using the computer and filing grievances. Plaintiff avers that Defendants engaged in the

alleged actions in retaliation for "snitching" on them concerning the odor in the showers and the rusty mirrors. He further contends that he has been deprived of cold water in his cell. After filing his Complaint, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis, asserting that he is financially unable to pay the costs of the proceedings. *See* ECF No. 4.

Under 28 U.S.C. § 1915, a court may authorize the commencement of an action without prepayment of fees upon a showing that the litigant is unable to pay. However, the court must dismiss a case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendants who is immune from such relief. § 1915(e)(2)(b). Here, Judge White correctly determined that Plaintiff's Complaint fails to state a claim for relief.

Plaintiff's allegations fail to support liability against the Broward Sheriff's Office ("BSO") because he has made no showing of municipal liability. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), municipalities may be sued for their own unconstitutional or illegal policies only; they may not be sued for the acts of their employees. As a result, a claim against a municipal entity under § 1983 must be predicated upon an injury inflicted by governmental policy or custom constituting "official policy." *Id.* at 694. Plaintiff's Complaint contains no facts from which to plausibly infer that the alleged constitutional violations resulted from an official BSO policy.

The Court also agrees with Judge White that if Plaintiff is attempting to challenge the conditions of his confinement under the Eighth Amendment, the Complaint is likewise deficient. "The Supreme Court has set a high bar for the objective component of a claim challenging a condition of confinement." *Evans v. St. Lucie Cnty. Jail*, 448 F. App'x 971, 973 (11th Cir. 2011).

In this regard, the Supreme Court has noted that the Constitution does not mandate comfortable prisons, and if prison conditions are "merely restrictive, and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Rhodes v. Chapman*, 453 U.S. 337, 346 (1981)) (internal quotation marks omitted). Thus, to state a claim for unconstitutional condition of confinement, a plaintiff must demonstrate "extreme deprivations," such as those depriving the plaintiff of a human need or those posing an unreasonable risk of serious damage to his future health. *Evans*, 448 F. App'x at 974. Here, Plaintiff's allegations that the showers are dirty and have a strong odor and that he lacks cold water are simply not sufficient to rise to the level of a constitutional violation.

Nonetheless, Plaintiff does appear to state a claim for retaliation. The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. *See Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir.1989). A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed a grievance concerning the conditions of his imprisonment." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003) (quoting *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989)) (internal quotation marks omitted). To state a claim, a prisoner need not allege violation of a separate and distinct constitutional right. *Hilton v. Sec'y for Dept. of Corrections*, 170 F. App'x 600, 603 (11th Cir. 2005) (quoting *Thomas*, 880 F.2d at 1242).

Here, Plaintiff avers that he was denied certain privileges as a result of his complaints regarding the purported unsanitary state of the bathroom. In particular, Plaintiff complains that Defendants have not permitted him to use the computer and have denied him access to cold water in retaliation for "snitching." ECF No. 1 at 3. Although the Court agrees with Judge White that

3

Plaintiff's alleged injury is *de minimus*, to state a claim for retaliation, Plaintiff need only allege that "he was retaliated against for filing a prison grievance." *Hilton*, 170 F. App'x at 603-04 (holding that the district court's dismissal of the prisoner's claim under § 1915(e)(2)(B)(ii) based on a finding that he had suffered only a *de minimus* injury was erroneous).  In this case, Plaintiff contends that he was punished by Defendants for filing grievances.  The liberal construction that the Court must give this assertion is sufficient to state a retaliation claim under § 1983.  *See Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006) (citing *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989)).

## II. Conclusion

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge White's Report and Recommendation [ECF No. 10] is hereby **ADOPTED IN PART**;

2. Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 4] is **GRANTED** as to his retaliation claim;

3. Plaintiff's municipal liability and Eighth Amendment claims are **DISMISSED**; however, the Court will permit Plaintiff to amend his Complaint, should he wish to do so, by **March 7, 2014**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 14th day of February 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Patrick A. White

Counsel of record

Maximo Ramos Arango

501109806
North Florida Evaluation and Treatment Center
1200 Northeast 55th Boulevard
Gainesville, FL 32641